IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| VOSHAUN AMUAR RANDOFF | § | |
| VS. | § | CIVIL ACTION NO. 9:13cv289 |
| UNITED STATES OF AMERICA | § | |

ORDER

A final judgment was previously entered denying this motion to vacate, set aside or correct sentence. In denying the motion to vacate, the court relied on a Report and Recommendation of United States Magistrate Judge that was adopted by the court. At the time the final judgment was entered, no objections to the Report and Recommendation had been filed. Movant subsequently informed the court he had not received a copy of the Report and Recommendation. The court then entered an order directing the Clerk of Court to provide movant with a copy of the Report and Recommendation and granting movant additional time to file objections. Movant then filed his objections. The court must therefore conduct a *de novo* review of the objections.

Movant challenges a conviction for possessing more than 15 kilograms of cocaine with the intent to distribute. Movant pled guilty to the charge in accordance with a written plea agreement. In his motion to vacate, he asserted he received ineffective assistance of counsel because counsel advised him to plead guilty even though the period of limitations had expired for his offense.

An indictment was returned against movant on July 21, 2004. An arrest warrant was issued on July 22, 2004. Movant failed to appear at an initial appearance hearing on August 19, 2004. On April 4, 2012, movant was taken into custody in Maryland. He appeared before a United States Magistraste Judge in Baltimore, Maryland, on April 6, 2012. After it was determined movant was the person named in the indictment, he was remanded to the custody of the United States Marshals Service and transferred to this court pursuant to Federal Rule of Criminal Procedure 5.

Movant contends 18 U.S.C. § 3582(a) provides for a 5 year period of limitations for his offense. He states that in March, 2010, the indictment was dismissed on the government's motion

and he was later reindicted. He contends the period of limitations expired before the second indictment was returned, but that his attorney improperly failed to assert this defense.

The Magistrate Judge found that the court's records did not reflect that the indictment returned on July 21, 2004, was ever dismissed or that a second indictment was ever returned. The Magistrate Judge therefore concluded that counsel's failure to assert a defense based on limitations did not fall below an objective standard of reasonableness and did not cause movant to suffer prejudice.

In his objections, movant states that it was a state charge rather than his federal indictment that was dismissed in 2010. Accordingly, he states the Magistrate Judge correctly concluded that a defense based on limitations would not have been meritorious. However, movant contends that rather than a defense based on limitations, counsel should have asserted a defense based on movant being denied a speedy trial.

In light of movant's *pro se* status, his motion to vacate will be deemed amended to include an additional ground for review based on counsel's failure to advise him of a defense based upon his not receiving a speedy trial. However, for the reasons set forth below, this additional ground for review is without merit and barred by the applicable statute of limitations.

*Merits*

The Sixth Amendment to the Constitution affords a criminal defendant "the right to a speedy . . . trial." The right attaches at the time of arrest or indictment, whichever comes first, and continues until the date of trial. *United States v. Garcia*, 995 F.2d 556 (5th Cir. 1993). In considering the length of delay, a court examines four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514 (1972).

The length of the delay is a triggering mechanism in that, if the delay reaches a threshold level, it is regarded a presumptively prejudicial, requiring the court to balance the remaining three factors. *Robinson v. Whitley*, 2 F.3d 562 (5th Cir. 1993). A delay of one year or more generally

2

requires the court to balance the remaining three factors. If a delay of more than a year occurred, the length of the delay, the reason for the delay and the defendant's diligence in asserting his right is weighed against the prejudice to the defendant. Depending on how heavily the first three factors weigh for or against the defendant, prejudice is presumed in some cases, relieving the defendant of the burden of showing actual prejudice. *United States v. Bergfeld*, 280 F.3d 486 (5th Cir. 2002).

In this case, the grand jury returned its indictment on July 21, 2004. Movant entered his plea of guilty on July 3, 2012, almost eight years later. Based on the length of the delay, the remaining three *Barker* factors must be analyzed.

With respect to the reason for the delay, "different weights [are to be] assigned to different reasons for the delay." *Doggett v. United States*, 505 U.S. 647, 657 (1992). "If the government diligently pursues a defendant from indictment to arrest, a speedy trial claim will always fail without a showing of prejudice." *Bergfeld*, 280 F.3d at 489. Conversely, if the government intentionally held back in its prosecution "to gain some impermissible advantage at trial," that fact weights heavily against the government. *Doggett*, 505 U.S. at 565. The middle ground between diligent prosecution and bad-faith delay is government negligence in bringing an accused to trial. *Id*.

In this case, the reason for the delay was movant's own conduct. The court's records reflect that at the time the indictment was returned, movant was incarcerated in the Nacogdoches County Jail. Prior to the date of the initial appearance hearing, movant was released from custody. The minute sheet of the initial appearance hearing reflects that movant did not appear. His attorney informed the court he had spoken with movant, who was in Brooklyn, New York, regarding the hearing. Movant agreed to meet counsel at his office on the morning of the hearing. However, he did not appear. The court observed that a warrant had been issued for movant's arrest, which would remain in effect. The Presentence Investigation Report states that when petitioner was eventually arrested on April 4, 2012, he "vehemently represented himself to be Wayne Alonzo Westmoreland, Jr., not Voshaun Amaur Randoff."

3

Based on the foregoing, the second factor weighs heavily against movant. Although he was aware of the charges against him, he failed to appear for his initial appearance hearing and remained a fugitive from the charges for several years. During this time, he was using an alias, which would have made it difficult for the government to locate him. There is no evidence in the record to indicate the government acted in bad faith or intentionally held back in its prosecution to gain some impermissible advantage, and movant does not assert the government acted in bad faith or negligently.

The third factor also weighs heavily against movant. He did not attempt to assert his right to a speedy trial during the almost eight years he was a fugitive from the charge against him. At any point during this period, he could have surrendered to authorities and demanded a speedy trial. His failure to do so was the result of choices he made.

With respect to the final factor, the length of time between movant's indictment and the entry of his guilty plea is presumptively prejudicial. However, movant had made no attempt to explain how the delay resulted in actual prejudice. As the second and third factors weigh so heavily against movant, a showing of actual prejudice is required in this case.

As the second and third *Barker* factors weigh heavily against movant, and as he has failed to demonstrate that the delay he experienced resulted in actual prejudice, it cannot be concluded that a defense based on movant not receiving a speedy trial would have been successful. As a result, counsel's failure to assert such a defense did not fall below an objective standard of reasonableness and did not cause movant to suffer prejudice. Movant's additional ground for review is therefore without merit.

*Limitations*

In addition to being without merit, movant's additional ground for review is also barred by the applicable statute of limitations. A one year period of limitations applies to a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. The period of limitations begins to run on the date on which the judgment of conviction became final. Movant did not appeal his

4

conviction or sentence. His conviction therefore became final on February 5, 2013, 14 days after his Judgment in a Criminal Case was entered and the date on which the time period for filing an appeal expired. As movant did not assert his additional ground for review until he filed his objections more than two years later, his additional ground for review was asserted after the applicable period of limitations expired.

However, before concluding that the statute of limitations bars consideration of movant's additional ground for review, the possibility that the additional ground for review "relates back" to when the original motion to vacate was filed should be considered. Pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arise out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading . . . ." Additional grounds for review asserted in a motion to vacate proceeding do not relate back merely because they arose out of the same criminal proceeding. *Mayle v. Felix*, 545 U.S. 644 (2005). Additional grounds for review do not relate back if they assert "a new ground for relief supported by facts that differ in both time and type from those the original pleadings set forth." *Id*.

Movant's assertion that he received ineffective assistance of counsel because counsel did not inform him of a defense based on not receiving a speedy trial is based on a completely different theory than his original assertion that counsel did not inform him of a defense based on limitations. While both grounds for review are based on delay, resolution of movant's additional ground review requires the consideration of several additional facts that would not be applicable to his original ground for review. As the additional ground for review is based on a different legal theory that would require the consideration of several facts not previously pled, movant's additional ground for review does not relate back to his original ground for review.

ORDER

Accordingly, movant's objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is

5

**ADOPTED**. In addition, the additional ground for review asserted in the objections are without merit and barred by the applicable statute of limitations.

Further, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slacke*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether his grounds for review are meritorious or barred by the applicable statute of limitations is subject to debate among jurists of reason. In addition, the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

So **ORDERED** and **SIGNED** this **21** day of **August, 2017.**

_____
Ron Clark, United States District Judge